UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James Garnett, Jr. (Briggs),

              Petitioner,

                                                  **MEMORANDUM OPINION**
v.                                               **AND ORDER**
                                                Civil No. 10-3369 ADM/JSM

Becky Dooley, Warden,

              Respondent.

---

James Garnett, Jr., pro se.

Christina Davenport, Esq., Winona County Attorney's Office, Winona, MN, and Kimberly R. Parker, Esq., and Matthew Frank, Esq., Minnesota Attorney General's Office, St. Paul, MN, on behalf of Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Petitioner James Garnett, Jr.'s[1] ("Petitioner") Objection [Docket No. 20] ("Objection") to Magistrate Judge Janie S. Mayeron's Report and Recommendation [Docket No. 18] ("R&R"). Judge Mayeron's R&R recommends that Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] ("Petition") be dismissed with prejudice and that Petitioner should not be granted a Certificate of Appealability. The procedural and factual background described in the R&R is incorporated by reference. Based upon a de novo review of the record, Petitioner's Objection is overruled and the Petition is dismissed

---

[1] James Garnett, Jr., is also known as James Garnett Briggs. See State v. Briggs, No. A08-131, 2009 WL 1444026, at *1 (Minn. Ct. App. May 26, 2009). This Court will refer to him as "Petitioner."

## II.  DISCUSSION

### A.  Standard of Review

A district court must make an independent, de novo review of those portions of an R&R to which a party objects and "may accept, reject, or modify, in whole or in part, the findings of recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

Additionally, the Eighth Circuit Court of Appeals has given broad latitude to pro se objections, stating that otherwise general objections ought to be "[l]iberally construed" to require a de novo review of all "alleged errors."  Hudson v. Gammon, 46 F.3d 785, 786 (8th Cir. 1995).  Thus, while Petitioner has raised only one specific objection to the R&R after initially arguing five distinct grounds for his habeas corpus petition, the Court here has reviewed de novo all portions of the R&R.

### B.  Petitioner's Arguments

#### 1.  Arguments Not Raised in the Objection

Petitioner argued five grounds for habeas relief in his original Petition which Judge Mayeron recommended be dismissed, but only one is the subject of Petitioner's Objection. His other grounds include:

> (2) Petitioner's Due Process Rights were violated where the court and the prosecutor gained unfair [sic] over pro-se petitioner.

> (3) Petitioner' [sic] was denied prior to the admission of evidence of defendant's past bad acts and during the final jury instructions, a trial court should sua sponte caution the jury not to convict the defendant for these past acts.  Here, the trial court admitted, a harassment restraining order, which listed allege bad acts of petitioner, as "relationship evidence" without any cautionary instructions.

>(4) Petitioner was deprived of a fair trial, a prosecutor is a minister of justice who should insure a fair trial—not just a conviction at any price. Despite this role prescribed by law, the prosecutor continuously vouched for the complainant and implied to the jury that she had been prevented from standing up to petitioner during an alleged "ten year reign of terror" for which petitioner was not on trial; and
>
>(5) Petitioner has a constitutional right to be present during all critical phases of trial. Consequently, the trial court erred in excluding petitioner from an in-chambers conference because the court preferred not to have the pro se petitioner in her private chambers.

(R&R at 3-4).

Because Ground Two is a mere conclusory statement verbalizing Petitioner's underlying complaints, the Court will consider it subsumed within the other grounds of the Petition.

Ground Three, which addresses Petitioner's prior bad acts and the lack of a sua sponte jury instruction, is evaluated in terms of plain error that may entitle Petitioner to a new trial; Petitioner concedes as much in his memorandum. See Pet'r's Br. [Docket No. 2] at 32 (citing State v. Williams, 593 N.W.2d 227, 237 (Minn. 1999)). A failure to give a cautionary instruction, whether sua sponte or requested by a party, does not constitute automatic reversible error.

This argument fails in a federal habeas motion because Petitioner's argument regarding the cautionary instruction is based solely on state authority and the interpretation of state practice guidelines. Id. at 31-32 (citing Williams, 593 N.W.2d at 237); State v. Meldrum, 724 N.W.2d 15, 21–22 (Minn. Ct. App. 2006); State v. Bauer, 598 N.W.2d 352, 365 (Minn. 1999); State v. Frisinger, 484 N.W.2d 27, 31 (Minn. 1992). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (citations omitted). The Court dismisses

Ground Three because it is based solely on the interpretation of Minnesota state evidentiary rules, for which this Court is not the proper venue, and Petitioner's conviction does not violate federal law.

Ground Four, arguing that the prosecutor committed misconduct by vouching for the credibility of witnesses, is likewise dismissed. As the Eighth Circuit held in United States v. Bentley, there is a distinct difference between "vouching" for a witness's credibility and arguing for credibility based on evidence in the record which still leaves the question of witness credibility for the jury. 561 F.3d 803, 814 (8th Cir. 2009), cert. denied 130 S.Ct. 175 (2009) ("[T]he government based its credibility assessment on the witnesses' demeanor at trial, not on any special knowledge . . . . The jury was free to make its own credibility determinations."). The transcript of testimony shows that the witness in question spoke of overcoming her fear of Petitioner to testify in court, and that she had been afraid in the past to come forward. See Transcript of Trial ("Tr.") [Docket No. 17] 154–54, 160–61, 620-24, 627. A prosecutor is allowed to speak to the mindset of witnesses as long as he or she derives that knowledge from evidence on the record and the reasonable inferences to be drawn from it. See United States v. Hawkins, 548 F.3d 1143, 1147–48 (8th Cir. 2008), cert. denied 129 S.Ct. 2757 (2009). With no showing that the prosecutor utilized arguments and inferences in closing argument that were absent from the record, this argument is rejected.

Petitioner argues in Ground Five that, by not being permitted in the trial judge's chambers for a conference, he was deprived of his constitutional right to be present for all critical phases of trial. See Pet. at ¶ 10. The conference specifically involved the issue of how to handle the questioning of a juror who may have read a newspaper article regarding the trial. See Briggs, 2009 WL 1444026, at *7. The Minnesota Court of Appeals, however, held that "the district court did not conduct any meaningful

proceedings in chambers in Briggs's absence. Rather, the district court moved the conference to the courtroom in response to Briggs's wish to be present." Id. at *8. The only topics addressed in the chambers conference (and outside the presence of Petitioner) involved procedural issues of the method of questioning the juror. Id. A defendant's constitutional right to be present does not extend to a conference regarding trial procedure. United States v . Barth, 424 F.3d 752, 762 (8th Cir. 2005) (citing Cox v. United States, 309 F.2d 614, 616 (8th Cir. 1962)); see also Fed. R. Crim. P. 43(b)(3) ("A defendant need not be present . . . [during a] proceeding [which] involves only a conference or hearing on a question of law." ). The juror was actually examined in Petitioner's presence, which rebuts any argument that Petitioner was precluded from participating in his own trial. Briggs, 2009 WL 1444026, at *7–8. Because Petitioner was not deprived of his constitutional right to be present for a critical phase of his trial, this argument fails as well.

### 2. Petitioner's Objection to the R&R

Petitioner's sole argument in his Objection is that the trial court erred in ordering a competency evaluation after declaring him competent to waive counsel at trial. As a result, he argues, "[t]he determination of the petitioner's competency to stand trial was invalid because it was made while petitioner was 'not' represented by counsel. A defendant has a right to counsel at every critical stage of a criminal prosecution." See Objection at 4 (citing Estelle v. Smith, 451 U.S. 454, 469-71 (1981)). Petitioner argues that his competency evaluation, coming a month after the court granted his request to waive counsel, is a "critical stage" contemplated by the courts and that, accordingly, he should have been represented by counsel.

Petitioner's argument now is that the trial court erred in allowing him to make an extremely

dangerous decision (that is, to represent himself in a criminal proceeding) without fully advising him of his rights. See Pet'r's Br. 8–11.  He does so by relying on case law regarding a "heightened" standard for waiving the right to counsel proposed by the Ninth Circuit Court of Appeals, which decided in Moran v. Godinez that waiving the right to counsel required a higher standard of competency than the standard for simply standing trial.  972 F.2d 263 (9th Cir. 1992).  Petitioner fails to acknowledge that the Supreme Court overturned that ruling in the same case and held that all constitutional competency standards are equal.  Godinez v. Moran, 509 U.S. 389, 398 (1993).

The record establishes that, at a June 25, 2007 pretrial conference, the trial judge questioned Petitioner at length regarding his decision to appear pro se.  See Record of State Court Proceedings [Docket No. 17] Ex. 1 ("June 25, 2007 Mot. Hearing") at 2:22–6:13.  Petitioner was adamant that he was making a voluntary and knowing waiver of counsel, and that he felt he could better present his case than his present counsel.  Id.  Petitioner had appeared pro se three times previously.  Record of State Court Proceedings Ex. 4 ("July 25, 2007 Mot. Hearing") at 15:3-6.  Petitioner admitted on July 25, 2007, that he had been diagnosed with bipolar disorder twenty years previously, yet did not take medication or see a doctor regarding it.  Id. at 11:3–12:16.  The trial court felt that the defendant had exhibited the competency necessary to make a knowing and voluntary waiver of counsel.  Id. at 13:3–15:2.

Petitioner argues that it is unconstitutional for a trial court to allow waiver of counsel where it "has sufficient cause to doubt the competency of a defendant to make a knowing and intelligent waiver of the right to counsel." United States v. Purnett, 910 F.2d 51, 56 (2d. Cir. 1990).  In those cases, "[the court] must appoint counsel–whether defendant has attempted to waive it or not–and counsel

must serve until the resolution of the competency issue." Id.  In the present case, though, the trial court appears to have not had sufficient cause to doubt Petitioner's competency at the time Petitioner waived counsel.  It was the prosecution, a month later on July 25, 2007, that brought a motion regarding Petitioner's waiver of counsel.  July 25, 2007 Mot. Hearing at 3.  The State did so because Petitioner had sent letters to the trial court and the prosecution and submitted a motion that included a criminal admission, and had continued calling the victim in the case in violation of a protective order.  Id. at 5:1-7:6.  The State argued that this indicated a lack of competency.  Id. at 7:17-23.  The trial judge, in spite of her previous determination that Petitioner was competent, decided as a cautionary measure to order the mental evaluation.  Id. at 17:20–18:20.  This evaluation, conducted in August 2007, found Petitioner competent.  Briggs, 2009 WL 1444026, at *2.

Although Petitioner argues that an evaluation by a psychologist, such as the one conducted in August 2007 in his case, is the only way to adjudge competency, he cites no case law supporting that proposition.  Even the case on which Petitioner most heavily relies acknowledges that "the trial judge . . . will often prove best able to make more fine-tuned mental capacity decisions, tailored to the individualized circumstances of a particular defendant."  Indiana v. Edwards, 554 U.S. 164, 177 (2008).  In Edwards, the defendant had schizophrenia and was committed to a state hospital, but seven months later was found competent to stand trial, a decision which was later affirmed by the Supreme Court.  Id. at 167–68.  The Supreme Court noted that "the Constitution permits judges to take realistic account of the particular defendant's mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so."  Id. at 177–78.  Here, Petitioner had bipolar disorder for the past two decades yet stated he required no medical treatment to deal with it.

July 25, 2007 Mot. Hearing at 11:3–12:10.  Given the circumstances, the trial judge made a legitimate determination as to the knowing, intelligent, and voluntary waiver of Petitioner's right to counsel. Petitioner's argument that he was not fully advised of his rights before being allowed to waive counsel must be dismissed.

The Court concludes, for the reasons stated previously, that Petitioner has not shown grounds upon which his Petition for a Writ of Habeas Corpus may be granted.  As a result, his Objection is overruled and his Petition is dismissed.

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  Such a showing requires that "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that any other court would decide the issues raised in this motion differently, or that any of the issues raised in Petitioner's motion would incite debate among reasonable jurists. Therefore, the Court declines to grant a certificate of appealability.

### III.  ORDER

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Objection [Docket No. 20] is **OVERRULED**;

2. Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED with prejudice**; and

   3.  Petitioner is **NOT GRANTED** a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                                                                  BY THE COURT:

                                                                      s/Ann D. Montgomery
                                                                  ANN D. MONTGOMERY
                                                                  U.S. DISTRICT JUDGE

Dated:  July 24, 2012.